UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UBS FINANCIAL SERVICES, INC.,
and UBS CREDIT CORP.,

               Plaintiffs,

                                   Case No. 21-cv-421-pp

   v.

DAVID ALAN MOXOM,

               Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE
(DKT. NO. 8)**

On April 2, 2021, the plaintiffs filed a petition to confirm an arbitration award under 9 U.S.C. §9. Dkt. No. 1. On August 11, 2021, the plaintiffs filed a motion for alternative service, or in the alternative, an extension of time to serve the defendant. Dkt. No. 8. The plaintiffs assert that they have undertaken "extensive efforts to locate and personally serve [the defendant]." Dkt. No. 9 at 4. The plaintiffs request "permission to serve [the defendant] by first-class mail and by publication pursuant to Wisconsin Statute § 801.1(c)," and in the alternative, "additional time to continue [] efforts to effectuate personal service on [the defendant]." Id. at 6.

Because the plaintiffs have attempted to serve the defendant with reasonable diligence, this order grants the plaintiffs' motion for alternative service.

1

## I.  Standard

Under the Federal Arbitration Act,

> [i]f the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. §9.

Federal Rule of Civil Procedure 4 governs service in federal court. Under Rule 4(e)(1), a plaintiff may serve an individual under the methods allowed by state law in the state where the federal district is located. Wisconsin law requires that a plaintiff attempt service on an individual either by personally serving the summons or, if the defendant cannot be served personally with reasonable diligence, by "leaving a copy of the summons at the defendant's usual place of abode in the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof." Wis. Stat. §801.11. Section 801.11(1)(c) describes service by publication and mail, indicating that if a plaintiff cannot effect personal service "with reasonable diligence,

> service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

2

Chapter 985 requires that legal notice be published "in a newspaper likely to give notice in the area or to the person affected." Wis. Stat. §985.02(1).

This court has previously found that a plaintiff satisfied §801.11(c)'s reasonable diligence requirement in attempting to serve a corporate defendant when the plaintiff attempted to serve the defendant's registered agent in Kenosha, Wisconsin, and "several times" in Chicago, Illinois and Franklin Park, Illinois. See BMO Harris Bank NA v. DVS Freight LLC, *et al.*, Case No. 18-cv-595 (E.D. Wis.), Dkt. No. 37.

## II. Analysis

On June 30, 2021, the plaintiffs filed five notarized affidavits showing attempts to serve the defendant between April 13, 2021 and May 29, 2021. Dkt. Nos. 3-7. Les Johns, Stephen Majors, Brad Klaus and Devin Sura each attempted to serve the defendant. The attempts occurred at four or more locations across the Milwaukee area.

First, process server Devin Sura describes unsuccessfully attempting to serve the defendant eight times between April 13, 2021 and April 21, 2021 at 300 North Corporate Drive in Brookfield, Wisconsin. Dkt. No. 7 at 1. Sura states that on April 13, 2021 at 3:01 p.m., the Corporate Drive location appeared "locked, no lights on inside, office furniture visible inside, did not see anybody inside, left phone number, called phone number for Novo Group 414-727-8755, female advised [the defendant] does work here but he is working remotely, would not give information for [the defendant], took affiant's name and number to pass onto him." Id. After Sura called the defendant twenty

3

minutes later, the defendant apparently "advised [Sura] he [would] meet Thursday." Id. The affidavit reflects several unanswered calls from Sura to the defendant over the next few days. Id. On April 20, 2021 and April 21, 2021, Sura returned to 300 North Corporate Drive, but was unable to contact anyone. Id. On April 21, 2021 at 1:03 p.m., "Mike McElherne, CEO of Novo Group, called affiant 262-875-0406, advised [the defendant] no longer works for the company, [the defendant] quit last Friday, did not have an address for [the defendant] that he could provide[]." Id.

In the first of his two affidavits of non-service, process server Stephen Majors asserts that on April 27, 2021 at 6:18 p.m., he unsuccessfully attempted to serve the defendant at 5074 North Woodburn Street in Whitefish Bay, Wisconsin. Dkt. No. 4. The affidavit indicates that

> [t]he defendant has moved from this address. Homeowner states that home was sold in March 2020. Spoke to three different neighbors all who state they don't know much about the defendant. One of them states he is friends with the defendant on Facebook and he is now working for a place called NOVO group. I checked online and it seems to be confirmed. And NOVO group is listed as a garnishee on a different case on ccap Starting in March 2021. Unable to locate any other information.

Id. In his second affidavit of non-service, Majors explains that on May 19, 2021 at 4:21 p.m., he unsuccessfully attempted to serve the defendant at 4922 North Hollywood Avenue in Milwaukee, Wisconsin. Dkt. No. 5. The affidavit says that Majors

> [s]poke to defendants son who states defendant does not live here but took a delivery notice to pass on to him. Shortly after defendants ex-wife pulled into driveway. She states that the defendant has never lived here and she has no idea where he currently lives. Defendants

4

son does see him and meet him with his own vehicle, son appears to be between 16 and 18 years old.

Id.

Private investigator Les Johns lists seven dates and times of unsuccessful attempts to serve the defendant between May 19, 2021 and May 29, 2021. Dkt. No. 3. The affidavit provides:

[a]ll attempts have Provided Negative Results

Stop by 7 times know [sic] answers
5074 North Woodburn doesn't live there
Did a search On Delvepoint search found a new Address at 2111 Eat [sic] Ivanahoe PL Apt 315
left business card card was always Gone
All attempts have Provided Negative Results
I Bellieving [sic] the defendant is Avoiding serves

Id. at 2.

Process server Brad Klaus's affidavit of non-service indicates that on May 20, 2021 at 9:45 a.m., he unsuccessfully attempted to serve the defendant at 300 North Corporate Drive in Brookfield, Wisconsin. Dkt. No. 6. It reflects that

[t]he defendant could not be served at this address. Office is not occupied, possibly closed for covid reasons. Left multiple messages on provided cell number for [the defendant] but received no response.

Attempts Made: 5/3/2021 4:41 PM paper was served to managing director Natalie Forward, , 5/7/2021 3:52 PM office is closed possible covid reasons called and left message on provided cell number of [the defendant], 5/8/2021 5:55 PM left message on provided cell number of [the defendant] still no answer or response , 5/9/2021 1:57 PM left message on provided cell number of [the defendant] no response to prior message as well., 5/12/2021 12:08 PM office was not occupied. left message on provided cell number of [the defendant] no response to prior message as well., 5/16/2021 10:27 AM left message on provided cell number of [the defendant] no response to prior message as well., 5/20/2021 9:45 AM The defendant could not be served at this address. Office is not occupied,

5

possibly closed for covid reasons. Left multiple messages on provided cell number for [the defendant] but received no response.

Id.

The plaintiffs have attempted to serve the defendant over thirty times through a Wisconsin private process server, a national process server and a licensed private investigator. Dkt. No. 9 at 5. The plaintiffs assert that the defendant "knows that UBS is trying to serve him." Id. They have demonstrated that the defendant agreed to meet with Devin Sura, but that the defendant "refused to answer Sura's call on the day of the meeting" and subsequently refused to answer other calls. Id.

The court finds that the plaintiffs have attempted to serve the defendant with reasonable diligence. The court will grant the plaintiffs' motion for alternative service.

## III. Conclusion

The court **GRANTS** the plaintiffs' motion for alternative service. Dkt. No. 8.

The court **ORDERS** that:

(1)     The plaintiff must effectuate service upon the defendant by:

      a.     first class mail of the petition and summons to 5074 North Woodburn Street, Whitefish Bay, Wisconsin 53217-5758;

      b.     first class mail of the petition and summons to 2111 East Ivanhoe Place, Apartment 315, Milwaukee, Wisconsin 53202; and

c.　　publication of the Summons as a class 3 notice under Wis.

　　　　　　　　Stat. §985.

　　(2)　　The plaintiffs shall have until **April 11, 2022** to serve the

defendant in accordance with this order and to file proof of service.

　　(3)　　The plaintiffs must serve a copy of this order on the defendant

contemporaneously with service of the petition and summons through first

class mail to both of the above addresses.

　　Dated in Milwaukee, Wisconsin this 9th day of February, 2022.

　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　**HON. PAMELA PEPPER**
　　　　　　　　　　　　　**Chief United States District Judge**

7